

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JMH
F. #2016R01716

*610 Federal Plaza*
*Central Islip, New York 11722*

August 22, 2017

<u>By FedEx and ECF</u>

Brian J. Griffin, Esq.
Daniel W. Russo, Esq.
Foley, Griffin, Jacobson & Faria LLP
666 Old Country Road, Suite 305
Garden City, New York 11530

        Re:    United States v. Frank Sappell
                 <u>Criminal Docket No. 16-606 (ADS)</u>

Dear Messrs. Griffin and Russo:

      Enclosed please find supplemental discovery in accordance with Rule 16 of the Federal Rules of Criminal Procedure.  The government also requests reciprocal discovery from the defendant.  The enclosed disc is password-protected; the password will follow by separate cover.

      The documents enclosed on the disc bearing Bates number SAPPELL000082 reflect sanitized reports generated from searches of the electronic devices seized from the defendant's residence on August 10, 2016.  Documentation of the search warrant under which those devices were seized, including an inventory of the devices seized, has been provided to you bearing Bates numbers SAPPELL000008 through SAPPELL000070.  <u>See</u> Letter, Docket Entry No. 15 (Jan. 4, 2017).

      The documents on the enclosed disc are also responsive to our most recent discussions relating to the volume and type of contraband seized during the above-referenced search.  If you have any issues reviewing the disc's contents, please do not hesitate to contact me.  The government remains in possession of the contraband materials referenced on the enclosed disc.  Should you wish to review those materials, please contact me to arrange a mutually convenient time.

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office. In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in <u>Lafler v. Cooper</u>, 132 S. Ct. 1376 (2012), and <u>Missouri v. Frye</u>, 132 S. Ct. 1399 (2012).

                Very truly yours,

                BRIDGET M. ROHDE
                Acting United States Attorney

         By:  <u>/s/ J. Matthew Haggans</u>
             J. Matthew Haggans
             Assistant U.S. Attorney
             (718) 254-6127


Enclosures
cc: Clerk of the Court (ADS) (by ECF) (without enclosures)