

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

ALB:JMH  *610 Federal Plaza*
F. #2016R01716  *Central Islip, New York 11722*

July 5, 2018

<u>By Hand and ECF</u>

The Honorable Arthur D. Spatt
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:   United States v. Frank Sappell
            <u>Criminal Docket No. 16-606 (ADS)</u>

Dear Judge Spatt:

      The government respectfully submits this letter in connection with the sentencing of the above-referenced defendant, scheduled before Your Honor for Friday, July 13, 2018, at 9:00 a.m. For the reasons set forth herein, the government respectfully requests that the Court impose a sentence within the range anticipated by the parties at the time of the defendant's plea, that is, 97-121 months of imprisonment. The government joins in the request by PreTrial Services to remand the defendant upon imposition of sentence. <u>See</u> PreTrial Memorandum (June 20, 2018).

      The government also respectfully asks the Court to impose restitution in the amounts set forth in the accompanying letter ("the Restitution Request"). The government respectfully requests permission to file the Restitution Request under seal for the reasons set forth therein.

I.     <u>Background</u>

      In December 2015, agents from the Department of Homeland Security, Homeland Security Investigations ("HSI") learned of an Internet Protocol ("IP") address that appeared to be making child pornography files available for download. <u>See</u> Pre-Sentence Investigation Report ("PSR") ¶ 4. HSI agents later learned that the IP address belonged to the defendant. <u>Id.</u>

      Over the course of several dates in December 2015, February 2016 and July 2016, HSI agents successfully downloaded files from the defendant that contained images

and videos of child pornography using a law enforcement software tool. PSR ¶¶ 4, 6. HSI agents also learned that the defendant was operating Bit Torrent software – a type of peer-to-peer file sharing service. PSR ¶¶ 5-6.[1]

Based upon the child pornography downloaded from the defendant, HSI agents obtained a search warrant for the defendant's residence, and executed that warrant on August 11, 2016. PSR ¶ 7. The defendant submitted to a voluntary interview, in which he admitted downloading child pornography via his desktop computer. The defendant further admitted that he had downloaded a great deal of child pornography, storing it on an encrypted, password-protected hard drive. PSR ¶ 7. HSI agents seized the desktop, the hard drive, and a number of other electronic devices. See Indictment, ECF No. 11, at ¶ 3 (identifying electronic devices seized in connection with the August 11, 2016, search).

Further analysis of the defendant's electronic devices revealed that he had collected and stored more than 12,500 images and videos containing child pornography. PSR ¶ 8. A summary of a representative sample of these materials is reflected in the PSR. In brief, the victims depicted – many of whom are represented in the Restitution Request – range in age from as young as 2-4 (PSR at 6) to young teenagers (PSR at 6-7). While the defendant claimed that he deleted any materials that crossed his own threshold of being "too bad" to retain, the videos stored by the defendant depict all manner of predations: oral, vaginal and anal intercourse between female children and adult men; bondage; torture; and bestiality. PSR ¶¶ 7-8.

On November 2, 2016, the defendant was arrested based upon a complaint premised in substantial part upon the foregoing; he was subsequently released on bond. See ECF No. 1; PSR at 1. On December 1, 2016, a grand jury sitting in the Eastern District of New York returned a two-count indictment, charging the defendant with (1) receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2); and (2) possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B).

On October 13, 2017, the defendant pleaded guilty to Count One, receipt of child pornography, before Magistrate Judge Gary R. Brown, pursuant to a plea agreement.

II.   Guidelines Calculations

The calculations under the United States Sentencing Guidelines ("U.S.S.G." or "the Guidelines") calculated by Probation are reproduced below for convenience.

---

[1] A "peer-to-peer" or "P2P" network allows users to share various types of files at no cost. Users of a particular P2P program will typically have access to the files made available for sharing by the other users of the same P2P program. PSR ¶¶ 5-6.

2

|       |                                                                                                       |       |
|-------|-------------------------------------------------------------------------------------------------------|-------|
|       | Base Offense Level (U.S.S.G. § 2G2.2(a)(2))                                                           | 22    |
| Plus: | Material Involves a Prepubescent Minor (§ 2G2.2(b)(2))                                                | +2    |
| Plus: | Material Depicting Violent, Sadistic and/or Masochistic Conduct Against Children (§ 2G2.2(b)(4))      | +4    |
| Plus: | Offense Involved the Use of a Computer (§ 2G2.2(b)(6))                                                | +2    |
| Plus: | Offense Involved More than 600 Images (§ 2G2.2(b)(7)(D))                                              | +5    |
| Less: | Acceptance of Responsibility (§§ 3E1.1(a)(b))                                                         | -3    |
|       | Adjusted Offense Level:                                                                               | __32__ |

At the time of the defendant's plea, as reflected in the plea agreement, the parties anticipated that the defendant would receive a two-point reduction for having engaged in conduct involving receipt but not trafficking or distribution, pursuant to U.S.S.G. § 2G2.2(b)(1). Among the defendant's objections to the PSR is a claim that these two points should have been included. See ECF No. 54 (Def. Obj. Ltr dated Apr. 2, 2018).

Based on discussions with the assigned Probation Officer, the government understands and appreciates Probation's view that the defendant's use of P2P software inherently involved the risk of distribution, a risk actualized when HSI successfully downloaded child pornography from the defendant. This fact was known to the government at the time of the plea agreement, and was among the principal facts cited in the affidavits justifying the August 11, 2016, search warrant and the defendant's subsequent arrest). Accordingly, the government does not object to the defendant's request to grant this two-point reduction (ECF No. 54), as contemplated in the plea agreement, resulting in an adjusted offense level of 30.

The defendant's criminal history category is I. Based upon the adjusted offense level of 30 contemplated by the parties at the time of the plea agreement, the corresponding Guidelines range of imprisonment is 97 to 121 months. Based upon the adjusted offense level of 32 contemplated by the PSR, the corresponding Guidelines range of imprisonment is 121 to 151 months. There is a mandatory minimum sentence of 60 months. See 18 U.S.C. §§ 2252(a)(2), 2252(b)(1). There is also a mandatory minimum term of supervised release of 60 months.

III.   Section 3553(a) Factors and Analysis

While the Guidelines are advisory following the ruling of United States v. Booker, 543 U.S. 220 (2005), the Court is required to consider the Guidelines in order to fashion a sentence consistent with the factors detailed in 18 U.S.C. § 3553(a) ("Section 3553(a)" or "the Sentencing Factors").

Under Section 3553(a), the sentence imposed must be "sufficient, but not greater than necessary" to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide correctional treatment in the most effective manner. See Section 3553(a). The Court must also consider a number of other factors, including but not limited to the nature of the offense; the history and characteristics of the defendant; "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct"; and the need to provide restitution to any victims. See Section 3553.

### A.   Nature and Circumstances of the Offense

The primary victims of child pornography offenses are the children depicted: "[C]hild pornography directly victimizes the children portrayed by violating their right to privacy." United States v. Sherman, 268 F.3d 539, 547-58 (7th Cir. 2001). Children victims of these offenses are victimized first when they are sexually abused, and again and again when the images of that abuse are distributed, received and consumed: "'[P]assive' consumer[s] who merely receive[] or possess[] the images directly contribute[] to this continuing victimization." Id. at 545 (citations omitted).

### B.   History and Characteristics of the Defendant

The Court can and should take account of the defendant's personal history. The defendant's mental health background is detailed in the PSR. PSR ¶¶ 43, 59-61. In contrast to many offenders, this defendant appears to have had ample financial and emotional resources to call upon in difficult periods. See, e.g., PSR ¶¶ 37, 45 (defendant's relationship with his sibling), 40 (defendant's two children, who reside in the area), 44, 46 (defendant's friend and roommate), 73 (financial background).

In short, the government agrees that the defendant's personal mental health background is and should be relevant to the Court's ultimate determination of an appropriate sentence. That background neither excuses nor mitigates the defendant's involvement in this offense. The defendant knew that it was wrongful to collect child pornography. He kept it in an encrypted, password protected hard drive. He claimed that some material was so disturbing that he would not keep it.

Moreover, the defendant's background in computer science, and his conduct while on PreTrial supervision, should serve as counterweights to these arguments. See, e.g., PreTrial Memorandum (June 20, 2018); ECF No. 66 (gov't's mot. to revoke bond). The defendant is well-educated and worked in a technical, demanding field. In his professional career, he progressed to a senior position at an international financial institution. PSR ¶¶ 67-68, 70. In sum, his background and education count against any proposition that he lacked self-control or awareness due to his mental health background. The Court's sentence should reflect that.

C.       The Seriousness of the Offense, Just Punishment, and the
Need for the Sentence to Promote Respect for the Law

The defendant did not access these videos and images by accident. The sheer volume of his collection attests to his intent. The defendant downloaded, collected and stored these materials, conscious that it was wrong to do so. Moreover – in contrast to some child pornography defendants – this defendant appeared to have no boundaries on the materials he would download and store (despite his claims to the contrary). As discussed above, the child victims depicted in the defendant's massive collection were of all ages and subjected to all manner of sexual assault and violence.

The seriousness of the defendant's conduct merits a significant sentence. The defendant collected and retained incredibly disturbing content. This conduct was more extreme than the minimum necessary to violate the statute of conviction. Accordingly, a sentence above the minimum, such as that suggested by the Guidelines, is appropriate in this case.

D.       The Needs to Afford Adequate Deterrence and to Protect the Public

As reflected in the PSR, the defendant has engaged in multiple behaviors during his pretrial release that suggest a high risk of recidivism. Despite being subject to computer monitoring, the defendant has accessed multiple websites and/or media that appear to have involved adult pornography. PSR at ¶¶ 51-52. The defendant also displayed extremely poor judgment in other Internet usage, resulting in the Court's revocation of his computer privileges entirely on the eve of sentencing. See ECF No. 66.[2] The defendant's failure to keep his conduct well within the bounds set for him by the Court and PreTrial suggests that the defendant will be unable to refrain from collecting and viewing child pornography in the future.

Moreover, the defendant's personal history suggests a course of escalation over many years. Compare, e.g., PSR ¶ 43 (statement of defendant's former spouse, regarding defendant's "unhealthy obsession" with adult pornography); ¶ 45 (statement of defendant's sibling: "[she] does not know why or when [the defendant] 'crossed the line' into downloading child pornography").

E.       The Need to Avoid Unwarranted Sentencing Disparities

A sentence above the mandatory minimum of 60 months of imprisonment is called for in these circumstances. The sheer volume of the defendant's collection, and the egregiousness of much of its content, calls for more than the minimum sanction.

---

[2] The Court's revocation is not yet reflected on the docket. It occurred in a status conference held June 26, 2018.

5

IV.    <u>Conclusion</u>

        For the reasons set forth herein, the government respectfully requests that the Court impose a sentence within the Guidelines range contemplated by the parties in their plea agreement, that is, 97-121 months.  The government also respectfully requests that the Court impose restitution in the amounts set forth in the Restitution Request, which is submitted under seal for the reasons set forth therein.  Finally, the government joins in the request by PreTrial to remand the defendant upon imposition of sentence.

        Respectfully submitted,

        RICHARD P. DONOGHUE
        United States Attorney

By:    /s/ J. Matthew Haggans
        J. Matthew Haggans
        Assistant U.S. Attorney
        (718) 254-6127

cc:    Clerk of Court (ADS) (By ECF and By Hand)
        Brian J. Griffin & Daniel W. Russo (By ECF)
        U.S. Probation Officer Lisa Langone (By Email)