AO 245B (Rev. 02/18)  Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## Eastern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>FRANK SAPPELL | (Corrected)<br>**JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number: CR-16-0606-01 (ADS)<br>USM Number: 89727-053<br><br>Brian J. Griffin, Esq. (RET)<br>Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   1 (TWO COUNT INDICTMENT)

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 20 2018 ★
LONG ISLAND OFFICE

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:2252(a)(2), 18:2252(b)(1) | RECEIPT OF CHILD PORNOGRAPHY, a Class C Felony | | 1 |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)   2   ☑ is   ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

7/13/2018
Date of Imposition of Judgment

*s/ Arthur D. Spatt*
Signature of Judge

ARTHUR D. SPATT, U.S.D.J.
Name and Title of Judge

7/20/2018
Date

AO 245B (Rev. 02/18) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page 2 of 8

DEFENDANT: FRANK SAPPELL
CASE NUMBER: CR-16-0606-01 (ADS)

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

EIGHTY FOUR (84) MONTHS.

☑ The court makes the following recommendations to the Bureau of Prisons:

THAT THE DEFENDANT BE PLACED IN SEX OFFENDER TREATMENT PROGRAMS. THAT THE DEFENDANT INITIALLY SERVE HIS SENTENCE AT THE FACILITY IN DANBURY, CT UNTIL HE CAN BE PLACED IN SEX OFENDER TREATMENT PROGRAMS NEAR HIS HOME SO THAT HE IS CLOSE TO HIS FAMILY.

☐ The defendant is remanded to the custody of the United States Marshal.

☑ The defendant shall surrender to the United States Marshal for this district:

    ☑ at  12:00  ☐ a.m. ☑ p.m.  on  8/29/2018 or to the Institution designated.

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on  _____

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 02/18) Judgment in a Criminal Case
Sheet 2A — Imprisonment

Judgment—Page 3 of 8

DEFENDANT: FRANK SAPPELL
CASE NUMBER: CR-16-0606-01 (ADS)

## ADDITIONAL IMPRISONMENT TERMS

1. THE DEFENDANT SHALL, DURING IMPRISONMENT, RESTITUION PAYMENTS AS FOLLOWS: THE DEFENDANT SHALL PAY TWENTY FIVE ($25.00) PER QUARTER TOWARDS HIS RESTITUTION. SEE PAGE 6 FOR THE TOTAL AMOUNT OF RESTITUTION ORDERED.

AO 245B (Rev. 02/18)   Judgment in a Criminal Case
                     Sheet 3 — Supervised Release

Judgment—Page **4** of **8**

DEFENDANT: FRANK SAPPELL
CASE NUMBER: CR-16-0606-01 (ADS)

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :
FIVE (5) YEARS.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☑ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 02/18) Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page 5 of 8

DEFENDANT: FRANK SAPPELL
CASE NUMBER: CR-16-0606-01 (ADS)

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

AO 245B (Rev. 02/18) Judgment in a Criminal Case
Sheet 3B — Supervised Release

Judgment—Page 6 of 8

DEFENDANT: FRANK SAPPELL
CASE NUMBER: CR-16-0606-01 (ADS)

## ADDITIONAL SUPERVISED RELEASE TERMS

1. THE DEFENDANT SHALL NOT ASSOCIATE WITH CHILDREN UNDER THE AGE OF 18, UNLESS A RESPONSIBLE ADULT IS PRESENT AND HE HAS PRIOR APPROVAL FROM THE PROBATION DEPARTMENT. PRIOR APPROVAL DOES NOT APPLY TO CONTACTS WHICH ARE NOT KOWN IN ADVANCE BY THE DEFENDANT WHERE CHILDREN ARE ACCOMPANIED BY A PARENT OR GUARDIAN OR FOR INCIDENTAL CONTACTS IN A PUBLICE SETTING. ANY SUCH NON-PRE-APPROVED CONTACTS WITH CHILDREN MUST BE REPORTED TO THE PROBATION DEPARTMENT AS SOON AS PRACTICABLE, BUT NO LATER THAN 12 HOURS. UPON COMMENCING SUPERVISION, THE DEFENDANT SHALLPTOVIDE THE PROBATION DEPARTMENT THE IDENTITY AND CONTACT INFORMATION REGARDING ANY FAMILY MEMBERS OR FRIENDS WITH CHILDEN UNDER THE AGE OF 18, WHOME THE DEFENDANT EXPECTS TO HAVE ROUTIN CONTACT WITH, SO THAT THE PARENTS OR GUARDIANS OF THESE CHILDREN MAY BE CONTACTED AND THE PROBATION DEPARTMENT CAN APPROVE ROUTINE FAMILY AND SOCIAL INTERACTIONS SUCH AS HOLIDAYS AND OTHER FAMILY GATHERINGS WHERE SUCH CHILDREN ARE PRESENT AND SUPERVISED BY PARENTS OR GUARDIANS WITHOUT INDIVIDUAL APPROVAL OF EACH EVENT.

2. THE DEFENDANT SHALL PAY RESTITUTION IN THE SUM OF THIRTY THOUSAND DOLLARS ($30,000.00) AND ANY OTHER ADDITIONA RESTITUTION THAT MAY BE IMPOSED POST SENTENCING, TO THE CLERK OF THE COURT, 100 FEDERAL PLAZA, CENTRAL ISLIP, NY 11722 AT A RATE OF 10% OF HIS GROSS MONTHLY INCOME UNTIL RESTITUTION IS PAID IN FULL EVEN AFTER HIS TERM OF SUPERVISED RELEASE HAS TERMINATED. VICTIM INFORMATION IS MAINTAINED BY THE U.S. ATTORNEY'S OFFICE. THE DEFENDANT SHALL BE CREDITED FOR PAYMENTS HE HAS MADE TOWARDS RETITUTION DURING HIS TERM OF IMPRISONMENT.

3. THE DEFENDANT IS SUBJECT TO THE FINAL ORDER OF FORFEITURE, DATED JULY 18, 2018, AND IS ATTACHED TO THIS JUDGMENT AND CONVICTION ORDER.

AO 245B (Rev. 02/18) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page 7 of 8

DEFENDANT: FRANK SAPPELL
CASE NUMBER: CR-16-0606-01 (ADS)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | Assessment | JVTA Assessment* | Fine   | Restitution |
|--------|------------|------------------|--------|-------------|
| TOTALS | $ 100.00   | $ 0.00           | $ 0.00 | $ 30,000.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---------------|--------------|---------------------|------------------------|
| "ANGELA"      |              | $5,000.00           |                        |
| "EMILY"       |              | $5,000.00           |                        |
| "MAUREEN"     |              | $5,000.00           |                        |
| "SARAH"       |              | $5,000.00           |                        |
| "VICKY"       |              | $10,000.00          |                        |

TOTALS  $ _____ 0.00    $ _____ 30,000.00

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the  ☐ fine  ☐ restitution.

☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: FRANK SAPPELL
CASE NUMBER: CR-16-0606-01 (ADS)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☑ Lump sum payment of $ __100.00__ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

SLR:LDM:MMO
F. #:2016R01552

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,

- against -

FRANK SAPPELL,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

FINAL ORDER OF FORFEITURE

16-CR-606 (ADS)

        WHEREAS, on October 13, 2017, Frank Sappell (the "defendant"), entered a plea of guilty to Count One the above-captioned Indictment charging a violation of 18 U.S.C. § 2252(a)(2) and;

        WHEREAS, on November 3, 2017, this Court entered a Preliminary Order of Forfeiture ("Preliminary Order") pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, finding that all right, title and interest in the following: (a) one Western digital hard drive, serial number WNQ253000332; (b) one Lenovo laptop computer, serial number PF08Y7GA; (c) one Dell laptop computer, with an illegible serial number; (d) one Seagate external hard drive, serial number NA7P3TY1; and (e) one custom built desktop personal computer, all of which were seized from the defendant on or about August 11, 2016, (collectively the "Forfeited Property"), forfeitable to the United States, pursuant to 18 U.S.C. § 2253(a), as property which constitutes: (i) visual depictions described in 18 U.S.C. §§ 2251, 2251A, 2252, 2252A, 2252B, or 2260, or any book, magazine, periodical, film, videotape, or other matter containing such visual depiction produced, transported, mailed,

shipped or received in violation of such sections; (ii) property, real and personal, constituting or traceable to gross profits and other proceeds obtained from such offenses; (iii) property, real or personal, used or intended to be used to commit or to promote the commission of said offenses; and/or (iv) substitute assets, pursuant to 21 U.S.C. § 853(p).

WHEREAS, legal notice of the forfeiture was published in this district on the official government website, www.forfeiture.gov, for thirty (30) consecutive days beginning November 8, 2017, through and including December 7, 2017; and

WHEREAS, no third party has filed with the Court any petition or claim in connection with the Forfeited Property and the time to do so under 21 U.S.C. § 853(n)(2) has expired.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that pursuant to 18 U.S.C. § 2253(a), and the Preliminary Order, all right, title, and interest in the Forfeited Property is hereby condemned, forfeited, and vested in the United States of America.

IT IS FURTHER ORDERED that the Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE"), or its duly authorized agents and/or contractors be, and hereby are, directed to dispose of the Forfeited Property in accordance with all applicable laws and regulations.

IT IS FURTHER ORDERED that the United States District Court for the Eastern District of New York shall retain jurisdiction over this case for the purposes of enforcing the Preliminary Order and this Final Order of Forfeiture and any supplemental orders of forfeiture as may be necessary.

---

United States v. Frank Sappell, 16- CR-606 (ADS)
Final Order of Forfeiture                                                                                   Page 2

IT IS FURTHER ORDERED that the Clerk of Court shall enter final judgment of forfeiture to the United States in accordance with the terms of this Final Order of Forfeiture and the Preliminary Order.

IT IS FURTHER ORDERED that the Clerk of Court shall send by inter-office mail ~~five (5)~~ one (1) certified copies of this executed Final Order of Forfeiture to the United States Attorney's Office, Eastern District of New York, Attn: FSA Paralegal Kristen Lake, 610 Federal Plaza, Central Islip, New York 11722.

Dated: Central Islip, New York
       7/18, 2018

SO ORDERED:

*s/ Arthur D. Spatt*

_____
HONORABLE ARTHUR D. SPATT
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK