THE LAW OFFICES OF
**SCOTT L. FENSTERMAKER, P.C.**
100 PARK AVENUE, 16TH FLOOR
**NEW YORK, NEW YORK 10017**
TELEPHONE (212) 302-0201
CELL (917) 817-9001
FACSIMILE (212) 302-0327
EMAIL scott@fenstermakerlaw.com
www.fenstermakerlaw.com

July 17, 2020

**VIA ECF AND FIRST CLASS MAIL**

Hon. Sandra J. Feuerstein
United States District Judge
1014 Federal Plaza
Central Islip, New York 11722

      Re:   *United States v. Frank Sappell*, 16 CR 606 (SJF) (SIL)
            Motion to Supplement Defendant's July 16, 2020 Reply Brief

Your Honor:

      I represent the defendant, Frank Sappell, in the matter of *United States v. Frank Sappell*, 16 CR 606 (SJF) (SIL). I write to respectfully request permission to supplement Mr. Sappell's July 16, 2020 reply brief. Specifically, I ask for leave to submit the May 18, 2020 Declaration of Nicoletta Turner Foster, M.D. ("Foster May 18th Declaration"), who was, at that time, the Clinical Director at FCI Fort Dix. *See* Foster May 18th Declaration, Page 1, Paragraph 1. Dr. Foster has been employed by the Department of Justice, Bureau of Prisons, since 2001. *See id.*

      Dr. Foster's May 18th Declaration was submitted by the Department of Justice in support of its motion to dismiss a civil lawsuit brought by the American Civil Liberties Union of New Jersey Foundation on behalf of inmates at FCI Fort Dix. It is document number 28-6 in the matter of *Wragg, et. al. v. David E. Ortiz, Warden, FCI Fort Dix*, 1:20-cv-05492 (RMB) (DNJ). A copy of the Foster May 18th Declaration is enclosed herewith.

      In Dr. Foster's May 18th Declaration, she states that, as of May 18, 2020 "259 COVID-19 tests have been administered [at FCI Fort Dix], which includes testing of the *entire* [FCI Fort Dix minimum security] Camp population. Of those tests, 58 inmates tested positive for COVID-19 *from the minimum security camp*." Foster May 18th Declaration, Page 15, Paragraph 27 (emphasis added). While Dr. Foster's May 18th Declaration carefully fails to disclose how many of the 259 COVID-19 tests were taken from prisoners at the minimum-security camp, as opposed to the higher security facility at which Mr. Sappell is held, this means that based upon these testing metrics *at least* 22.4 percent of the inmates tested at Fort Dix as of May 18, 2020 had COVID-19. This figure is in stark contrast to the one-half of one percent figure presented by the government in its misleading response brief.

      I do not present Dr. Foster's May 18th Declaration, in any way, to impugn the integrity of the government's representative or either the Department of Justice or the Bureau of Prisons. I do submit Dr. Foster's May 18th Declaration to highlight the position Mr. Sappell presented in pages 3 and 4 of his July 16, 2020 reply, wherein he called into question the validity of the government's claims regarding the conditions at FCI Fort Dix, as they are not properly informed by a meaningful testing sample. Mr. Sappell therefore respectfully reiterates the request made in the last sentence of the first partial paragraph on Page 4 of his July 16th reply brief that the Court "should require the government to shed full light on the extent of [COVID-19] testing at FCI Fort Dix and the results of the tests performed as a percentage of those tested, . . . ."

      For these reasons, I respectfully request leave to supplement Mr. Sappell's July 16th reply brief with Dr. Foster's May 18th Declaration.

      Please have a member of the Court's staff contact me if the Court has any questions or needs additional information regarding this matter.

Respectfully submitted,

**The Law Offices of Scott L. Fenstermaker, P.C.**

By: _____
Scott L. Fenstermaker, Esq.

Enc.

cc:    AUSA Matthew Haggans (via e-mail)
       Mr. Frank Sappell (via first class mail)